**Dated: November 5, 2020**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

---

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:

JULIE RHEA TEAGUE,                 Case No. 19-80428-TRC
                                      Chapter 7
           Debtor.

CHAD JOHNSON AND MARIE JOHNSON,

           Plaintiffs,

vs.                                      Adversary No. 19-8023-TRC

JULIE RHEA TEAGUE,

           Defendant.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (Docket Entry 26), and Plaintiffs' Response (Docket Entry 27). After reviewing the Motion, Response, and supporting documentation, the Court finds that the Motion for Summary Judgment should be denied.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. The focus of this case is a contract whereby Defendant Teague and her ex-husband sold a house to Plaintiffs Chad and Marie Johnson for $56,000 at 9.5% interest to be paid in specified monthly installments, subject to "voluntary repossession" if more than two consecutive payments were not paid. The parties did not record this contract in the land records. The Johnsons moved into the house, have lived there for 11 years, and make regular monthly payments. Teague seeks summary judgment on the grounds that the agreement to sell the house to the Johnsons is not a contract for deed as alleged by the Johnsons in their Complaint, but is an executory contract that was properly rejected by the chapter 7 Trustee pursuant to 11 U.S.C. § 365. The Johnsons claim that their agreement is a contract for deed which is treated as a mortgage under Oklahoma law, not an executory contract, and that Teague is not entitled to judgment as a matter of law. The Johnsons also allege that Teague defrauded them and injured them, owing a debt that should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and (6). The Johnsons agree with some of the facts presented by Teague, but submit additional material facts that are in dispute, including the amount of payments that have been made to Teague which indicate that the Johnsons have paid more than was required by the contract and are not in default of the contract as alleged by Teague.

Teague submits certain undisputed facts which she argues entitle her to judgment as a matter of law. Her position is that she should prevail in this lawsuit because the Bankruptcy Code allows her to reject her contract with the Johnsons, leaving them with no actionable cause against her. She argues that pursuant to 11 U.S.C. § 365(i), their executory contract to purchase real estate was rejected, leaving the Johnsons with two options. They can give up possession and

file a claim for rejection damages, as with any other rejected executory contract pursuant to 11 U.S.C.S. § 365(i)(1). Alternatively, the Johnsons may choose to remain in possession of the real property, continue to make all payments due under the contract, and offset against those payments any damages occurring after the date of rejection if such damages are caused by the nonperformance of any obligation by Teague after the date of rejection. Should the Johnsons choose to remain in possession, the statute further provides that they may not offset any other damage claims against their payments, they waive the right to assert a rejection claim against the estate (other than the offsets allowed), but they can demand that the Trustee deliver title to them in accordance with the terms of the contract. 11 U.S.C.S. § 365(i)(2). Teague does not address this provision of the statute but appears to suggest that once she rejects the contract, neither she nor the Trustee have further obligations to the Johnsons, including providing clear title. She is in default on the first mortgage on the property and has allowed approximately $25,000 in judgment liens to be filed against the house. Teague also suggests that because she deems the Johnsons in default for nonpayment, they have no claim for damages against her for rejection or setoff.

The threshold issue involving Teague's position is whether the contract is an executory contract. She appears to concede that this case does not fit the traditional definition of an "executory contract" wherein mutual obligations exist by both parties. Therefore, she urges this Court to adopt the "functional approach" in interpreting and classifying her contract to sell real property as an executory contrary subject to rejection under §365. The emphasis of this approach is whether casting it as executory is in her best interest. The factual support she offers is that her contract with the Johnsons is titled "Contract to Purchase Real Estate," and is not titled "Contract

for Deed." The Johnsons cite the written terms of the contract and performance of the parties as support for their position that this is a contract for deed and not an executory agreement.

The starting point in analyzing this agreement, even when using Teague's preferred "functional approach," is state contract law.[1] Under Oklahoma law, a contract for deed is deemed to be a mortgage "subject to the same rules of foreclosure and same regulations, restraints and forms as are prescribed in relation to mortgages." 16 O.S. § 11A. In assessing whether a contract to purchase real property is a contract for deed, the Oklahoma statute specifies that the contract be "made for the purpose or with the intention of receiving the payment of money and made for the purpose of establishing an immediate and continuing right of possession of the described real property . . . ." Once such a contract is executed and the buyers take possession of the real property, equitable title passes to them and the seller retains only bare legal title. *See McGinnity v. Kirk,* 2015 OK 73, 362 P.3d 186. If the agreement is a contract for deed it is not an executory contract that she can reject under § 365; Teague is simply a secured creditor of the Johnsons and may not reject it as executory pursuant to the Bankruptcy Code. The cases Teague cites in support of the functional approach are distinguishable on their facts. They involve corporations or partnership debtors filing chapter 11, evaluating contracts regarding multiple commercial properties, large real estate developments with complex contracts and financing agreements, non-compete agreements, and chapter 11 plans that are not analogous to this case.

To determine whether this is an executory contract, the Court must examine the evidence presented. There are genuine issues of material fact which the Court cannot determine without a trial. Based upon the record presented, the Court has questions regarding the duties of each party under this agreement. Besides asserting that this is an executory contract that was rejected,

---

[1] 3 Collier on Bankruptcy P 365.02 (16th 2020).

Teague also argues that the Johnsons breached the contract, thus justifying her rejection of it and depriving them of any remedies. The Johnsons dispute this position and offer exhibits supporting their position that they have overpaid what was due, and that they paid the amounts Teague and her father told them to pay. These are material facts that are in dispute, making summary judgment inappropriate.

Teague has also failed to show that she is entitled to judgment as a matter of law. She has failed to address the threshold issue regarding treatment of the contract under state law. As noted, Oklahoma treats a contract for deed as a mortgage, which means that it represents a secured debt and the Teague as the seller is simply a secured creditor. The terms of the contract appear to support the Johnsons' position that this is a contract for deed. The agreement sets out the price, interest rate, monthly payment amount, and terms of default and repossession. The Johnsons took immediate possession of the property; the contract appears to make them responsible for maintaining the property, paying property taxes, and insurance, and making monthly payments to Teague. In contrast, Teague's only remaining obligation under the contract is to deliver a deed upon full payment of the purchase price.

The duties owed and obligations performed under this agreement are material issues relevant to the issue of whether the subject agreement is an executory contract. Teague offers no analysis on this point but appears to reject this step to focus solely on the impact on her and the bankruptcy estate. Even if the Court adopts her view that this is an executory contract that has been rejected, she fails to address remaining issues regarding damages, setoff and conveyance of title under § 365(i)(2) where the purchaser desires to remain in possession.

Further, Teague has failed to address the Johnsons' claim that she obtained monies from them that should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) because it was

obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and § 523(a)(6) as a willful and malicious injury to another entity or to property of another entity. Teague is not entitled to relief on these claims at this stage.

The applicability of state law, the duties associated with this contract, the amounts to be offset as damages pursuant to § 365(i)(2), possible default by the Johnsons, and fraud claims are central issues in the case. The Court cannot make the factual and legal determinations requested by Defendant based upon the record presented on summary judgment.

IT IS THEREFORE ORDERED that Defendant Teague's Motion for Summary Judgment (Docket Entry 26) is **denied.**

###